In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00046-CR
______________________________


PRINCE BROWN, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 03-0271X


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Prince Brown, Jr., appeals from his conviction by a jury for two counts of delivery of
a controlled substance, cocaine, in an amount of more than one but less than four grams. 
Brown pled true to the enhancement paragraphs, and the jury assessed his punishment
at forty years' imprisonment. Brown contends the evidence is legally insufficient because
the testimony of the informant working for the police was not sufficiently corroborated and
because of a variance between the indictment and the proof at trial. Brown also contends
the trial court erred in denying a mistrial based on the difference between the videotape
used at trial and the videotape provided to him in discovery. We overrule these
contentions and affirm the judgment.
Factual Background
          The State's evidence showed that, on February 26, 2003, Brown sold Timothy
Taylor, who was acting covertly on behalf of the Marshall Police Department, approximately
1.05 grams of crack cocaine. Taylor originally began working for the Marshall Police
Department in order to avoid convictions for certain criminal charges pending against him,
but at some point became a paid employee of the police department. Around 4:43 p.m.,
Taylor left a location near Taylor's house where he had met with Lieutenant Joe Arledge
and two other officers, and where he had been equipped with video surveillance
equipment. The police officers had provided the vehicle used by Taylor and had searched
both the vehicle and Taylor before he left. Taylor was observed at 4:47 p.m., by a "loose
rolling surveillance" being conducted by the police, in the vicinity of Brown's residence. At
4:51 p.m., Taylor was observed leaving Brown's residence, and he arrived at a second
predetermined location at 4:54 p.m. Taylor provided the police with a bag containing 1.05
grams of crack cocaine and testified Brown had sold him the cocaine. The videotape of
the transaction did not record the actual transfer of the cocaine. 
          On March 5, 2003, Brown sold Taylor approximately 1.48 grams of crack cocaine. 
Similar to the prior transaction, Taylor met Arledge and two other officers at a
predetermined location and was equipped with video surveillance equipment, as well as
$150.00 for the purchase of the cocaine. While Taylor used his own vehicle for this
transaction, Arledge testified the police searched both Taylor and the vehicle before Taylor
left the location. Taylor left the officers at 2:21 p.m. and was observed arriving at Brown's
residence at 2:26 p.m. Taylor was observed leaving Brown's residence at 2:39 p.m. and
arrived at another predetermined location at 2:41 p.m. Taylor provided the officers with a
bag containing approximately 1.48 grams of crack cocaine and testified Brown had sold
him the cocaine. As before, the videotape did not reveal the actual transaction, but it did
record the following conversation:
[Brown]: What you need?
[Taylor]: The same thing.
[Brown]: What did you get from me the other day?
[Taylor]: 1, 5, 0.

When arrested the next day, Brown had possession of $60.00 of the $150.00 which Taylor
used to buy the drugs. The police had photocopied the money provided to Taylor and
three $20.00 bills found in Brown's possession had matching serial numbers. This money
had been provided to Taylor by the police for the transaction on March 5. Arledge testified
he had photographed the money before he provided it to Taylor. No money from the prior
transaction was discovered. 
The Testimony of the Covert Witness was Corroborated
          In his first point of error, Brown contends the evidence is legally insufficient to
corroborate Taylor's testimony. According to Brown, the State only placed him at the
scene of the offense, and the evidence, without the covert witness testimony, does not
tend to connect him to the offense. 
          Article 38.141 of the Code of Criminal Procedure requires that testimony of a person
who is not a licensed police officer or special investigator, but who is acting covertly on
behalf of the police, be corroborated by other evidence tending to connect the accused to
the offense. Tex. Code Crim. Proc. Ann. art. 38.141 (Vernon Supp. 2004–2005). Article
38.141 provides:
(a) A defendant may not be convicted of an offense under Chapter
481, Health and Safety Code, on the testimony of a person who is not a
licensed peace officer or a special investigator but who is acting covertly on
behalf of a law enforcement agency or under the color of law enforcement
unless the testimony is corroborated by other evidence tending to connect
the defendant with the offense committed.
 
(b) Corroboration is not sufficient for the purposes of this article if the
corroboration only shows the commission of the offense.

Tex. Code Crim. Proc. Ann. art. 38.141(a), (b). Similar to the concerns raised by
accomplice witness testimony, covert witnesses may have incentives to lie or shade their
testimony in favor of the state, which requires such testimony to be viewed with a measure
of caution. Young v. State, 95 S.W.3d 448, 451 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref'd).
          Because the language of Article 38.141 is identical to Article 38.14, which requires
corroboration of accomplice witness testimony, other courts of appeals have adopted the
standards for accomplice witness testimony in applying Article 38.141. See Torres v.
State, 137 S.W.3d 191, 196 (Tex. App.—Houston [1st Dist.] 2004, no pet.); Jefferson v.
State, 99 S.W.3d 790, 793 (Tex. App.—Eastland 2003, pet. ref'd); Young, 95 S.W.3d at
451; Cantelon v. State, 85 S.W.3d 457, 461 (Tex. App.—Austin 2002, no pet.). We agree
that the interpretations of Article 38.14 relating to accomplice witness testimony are
persuasive and applicable to Article 38.141.
          Legal and factual sufficiency standards of review are not applicable to a review of
covert witness testimony under Article 38.141, because corroboration of the covert witness
testimony is a statutory requirement imposed by the Texas Legislature. Torres, 137
S.W.3d at 196; Cantelon, 85 S.W.3d at 460; see Cathey v. State, 992 S.W.2d 460, 462
(Tex. Crim. App. 1999) (accomplice witness testimony). The covert witness rule only
requires that there is some other evidence which tends to connect the accused to the
commission of the offense alleged in the indictment. Torres, 137 S.W.3d at 196; see
Hernandez v. State, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997). 
          In determining whether there is "other evidence" which tends to connect the
accused with the offense, we must eliminate all covert witness testimony and determine
whether the remaining inculpatory facts and circumstances tend to connect the appellant
to the offense. Torres, 137 S.W.3d at 196; Young, 95 S.W.3d at 451; Cantelon, 85 S.W.3d
at 461. In our analysis of whether there is sufficient corroboration, we will eliminate from
consideration all of Taylor's testimony. Article 38.141 will be satisfied if there was some
other evidence that tended to connect Brown with the cocaine transactions.
          Brown's presence at the scene of the crime was clearly established in both
transactions. Taylor's cars were searched before both transactions, a surveillance was
conducted following Taylor's movements on both days, and both videotapes recorded the
presence of Brown at Brown's residence. However, Brown's presence alone is not enough
to corroborate the accomplice testimony. Mere presence of a defendant at the scene of
the crime is insufficient to corroborate accomplice testimony. Torres, 137 S.W.3d at 196. 
However, proof that the accused was at or near the scene of the crime at or about the time
of its commission, coupled with other suspicious circumstances, may be sufficient to tend
to connect the accused to the crime. Id.; see Brown v. State, 672 S.W.2d 487, 489 (Tex.
Crim. App. 1984). Even apparently insignificant incriminating suspicious circumstances
may sometimes prove to be sufficient corroboration. Torres, 137 S.W.3d at 196; Cantelon,
85 S.W.3d at 461; see Munoz v. State, 853 S.W.2d 558, 559 (Tex. Crim. App. 1993).
Cumulative evidence of "suspicious circumstances" can be sufficient evidence which
"tends to connect" a defendant to the alleged offense, even if none of the circumstances
would be sufficient individually. Cantelon, 85 S.W.3d at 460–61. We will examine the
other evidence that tends to connect Brown to each offense in turn.
          The State introduced sufficient "suspicious circumstances" tending to connect
Brown to the March 5 transaction. Three $20.00 bills found in Brown's possession had
matching serial numbers with the money photocopied by the police. Arledge testified he
had photocopied the money before he provided it to Taylor. The videotape of the March 5
transaction recorded the following conversation:
[Brown]: What you need?
[Taylor]: The same thing.
[Brown]: What did you get from me the other day?
[Taylor]: 1, 5, 0.

The money and the above conversation, when combined with Brown's presence at the
scene, are sufficient to tend to connect Brown to the offense. 
          Brown argues that the evidence of suspicious circumstances is insufficient to tend
to connect him to the February 26 transaction. While Brown's presence was established
at the scene of the offense, none of the money, which had previously been photocopied, 
provided to Taylor to purchase cocaine, was found in Brown's possession. As discussed
above, the videotape of the March 5 transaction recorded Brown asking Taylor what he
wanted and asking what he had gotten "the other day." While a date is not specified
identifying the "other day," the fact Brown had provided "the same thing" to Taylor
previously is a suspicious circumstance. In addition, the videotape of the February 26
transaction records Brown entering the house, after a brief conversation with Taylor, and
then exiting with something in his (Brown's) hand. The combined effect of Brown's
presence at the scene and the suspicious circumstances, including the conversation during
the March 5 transaction and the fact Brown entered his residence and returned with
something in his hand, is sufficient to corroborate the covert witness' testimony.
          In Young, the First District Court of Appeals held that the corroboration of a covert
witness' testimony was insufficient because the only evidence linking the defendant to the
offense was the covert witness' identification of the defendant's voice on an audiotape. 
Young, 95 S.W.3d at 452. The court noted that, without the informant's testimony, the
accused was not linked to the audiotape, which was the only noninformant testimony
linking Young to the crime. Id. This case is distinguishable from Young because the police
officers, who conducted a surveillance of Taylor's travels, observed Taylor's vehicle at
Brown's residence and because the recording of the transaction included a videotape
recording rather than just an audiotape recording. 
          We conclude that sufficient corroboration of the covert witness testimony exists. 
The State introduced sufficient evidence to corroborate both the February 26 and March 5
transactions. We overrule Brown's first point of error.
The Variance Was Immaterial
          Brown contends, in his second point of error, that the evidence is legally insufficient
because of a variance between the indictment and the proof at trial. The indictment
specified Brown sold the cocaine to "T. Taylor," while the proof at trial established that the
undercover officer was "Timothy Taylor." As Brown correctly acknowledges, the State is
permitted under Article 21.07 of the Code of Criminal Procedure to indict using one or more
of the initials of a person's given name. Tex. Code Crim. Proc. Ann. art. 21.07 (Vernon
Supp. 2004–2005). Brown argues, though, that the State is obliged to connect the initial
and the actual name at trial. Because the State did not prove Timothy Taylor was the
same person as "T. Taylor" in the indictment, a variance existed between the indictment
and the evidence at trial.
          "A 'variance' occurs when there is a discrepancy between the allegations in the
charging instrument and the proof at trial." Gollihar v. State, 46 S.W.3d 243, 246 (Tex.
Crim. App. 2001). Only a material variance requires reversal. See Fuller v. State, 73
S.W.3d 250, 253 (Tex. Crim. App. 2002). "The widely-accepted rule, regardless of whether
viewing variance as a sufficiency of the evidence problem or as a notice-related problem,
is that a variance that is not prejudicial to a defendant's 'substantial rights' is immaterial."
Gollihar, 46 S.W.3d at 247–48; see Stevens v. State, 891 S.W.2d 649, 650 (Tex. Crim.
App. 1995); see also Rojas v. State, 986 S.W.2d 241, 246 (Tex. Crim. App. 1998). The
defendant has the burden of demonstrating surprise or prejudice. Santana v. State, 59
S.W.3d 187, 194 (Tex. Crim. App. 2001). In order to determine whether a defendant's
"substantial rights" have been prejudiced, we must consider two questions: whether the
indictment, as written, informed the defendant of the charge against him or her sufficiently
to allow such defendant to prepare an adequate defense at trial, and whether prosecution
under the deficiently drafted indictment would subject the defendant to the risk of being
prosecuted later for the same crime. Gollihar, 46 S.W.3d at 248 (citing United States v.
Sprick, 233 F.3d 845, 853 (5th Cir. 2000)).
          In Fuller, the Texas Court of Criminal Appeals held that a variance between an
indictment that alleged that the victim was "Olen M. Fuller" and the evidence at trial which
referred to the victim as "Mr. Fuller" or as "Buddy" was an immaterial variance. Fuller, 73
S.W.3d at 254. Similar to Fuller, the variance in this case does not involve a statutory
element of the offense and there is no showing that Brown was surprised or prejudiced by
the variance. The indictment, as written, sufficiently informed Brown of the charge against
him and the variance would not subject Brown to another prosecution for the same offense. 
The variance is immaterial.
Legally Sufficient Evidence Exists
          In our review of the legal sufficiency of the evidence, we employ the standards set
forth in Jackson v. Virginia, 443 U.S. 307, 319 (1979). This calls on the court to view the
relevant evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Turner v.
State, 805 S.W.2d 423, 427 (Tex. Crim. App. 1991). 
          Evidence sufficiency should be measured against a "hypothetically correct" jury
charge. See Gollihar, 46 S.W.3d at 253; Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997). A "hypothetically correct" jury charge is "one that accurately sets out the law,
is authorized by the indictment, does not unnecessarily increase the State's burden of
proof or unnecessarily restrict the State's theories of liability, and adequately describes the
particular offense for which the defendant was tried." Malik, 953 S.W.2d at 240. The "'law'
as 'authorized by the indictment' must be the statutory elements" of the offense charged
"as modified by the charging instrument." Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim.
App. 2000). The "hypothetically correct" jury charge cannot "wholly re-write the
indictment," but is not required to "track exactly all of the allegations in the indictment."
Gollihar, 46 S.W.3d at 253. 
          The hypothetically correct jury charge in this case would have required the jury to
find that Brown knowingly delivered the controlled substance to Timothy Taylor rather than
T. Taylor. Taylor testified Brown sold him the substances provided to the police. As
discussed above, Taylor's testimony was sufficiently corroborated. Ruben Rendon, a
criminalist with the Texas Department of Public Safety, testified the substance provided to
the police by Taylor on both occasions was cocaine. The cocaine, including some
adulterants and dilutants, purchased by Taylor February 26 weighed 1.05 grams, and the
cocaine purchased March 5 weighed 1.48 grams. Viewed in a light most favorable to the
prosecution, a rational juror could have found Brown guilty of both offenses beyond a
reasonable doubt. Because the variance is immaterial and the evidence is legally
sufficient, we overrule Brown's second point of error.
The Trial Court Did Not Err in Denying the Mistrial
          In his last point of error, Brown contends the trial court erred in denying his motion
for a mistrial because of the difference between the videotape provided to the defense
before trial and the videotape admitted into evidence. On the copy of the videotape
provided to the defense, the audio was not intelligible. However, on the videotape
introduced at trial, the audio could be understood. The State claimed the audio on all
copies made at the same time the defense's copy was made was not as intelligible as the
original videotape. The State alleged it did not discover the audio could be understood
better on the original until shortly before trial and asserted the originals had been available
for the defense to examine. The State argues Brown failed to preserve error.
          To preserve error, an objection must be "timely, specific, pursued to an adverse
ruling, and, with two exceptions, contemporaneous--that is, made each time inadmissible
evidence is offered . . . ." Geuder v. State, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003)
(discussing one exception, where evidence is heard outside jury's presence to determine
admissibility); see Broderick v. State, 35 S.W.3d 67, 76 (Tex. App.—Texarkana 2000, pet.
ref'd). The objection must be made at the earliest possible opportunity. Marini v. State,
593 S.W.2d 709, 714 (Tex. Crim. App. [Panel Op.] 1980); In re G.A.T., 16 S.W.3d 818, 828
(Tex. App.—Houston [14th Dist.] 2000, pet. denied); see Stults v. State, 23 S.W.3d 198,
205–06 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).
          When the videotape was offered into evidence, Brown's counsel stated he had no
objection. The State contends this statement waived any error. However, an objection is
not required until the basis of relief becomes apparent. Johnson v. State, 878 S.W.2d 164,
167 (Tex. Crim. App. 1994); see Crane v. State, 786 S.W.2d 338, 348 (Tex. Crim. App.
1990); Thornton v. State, 994 S.W.2d 845, 852 (Tex. App.—Fort Worth 1999, pet. ref'd);
Morgan v. State, 816 S.W.2d 98, 102 (Tex. App.—Waco), pet. ref'd, 817 S.W.2d 706 (Tex.
Crim. App. 1991). The defense may not have been aware of the difference in the
videotape when the State introduced that videotape into evidence.


 
          While the difference between the videotape provided to the defense and the
videotape admitted into evidence may not have been apparent at the time of admission,
the difference would have been apparent as soon as the videotape was played. After the
basis for relief became apparent, the defense failed to make a timely objection. Taylor
provided a play-by-play commentary while the videotape was played before the jury. 
Taylor was then cross-examined, Rendon provided lengthy testimony concerning the tests
he performed identifying the substance as cocaine, the State rested, and the jury was
dismissed for lunch before the defense made any objection to the videotape. Because
Brown did not make a timely objection as soon as the basis for relief became apparent, he
did not preserve error for appellate review. We overrule his last point of error.
Conclusion
          The testimony of the covert witness was sufficiently corroborated by other evidence
that tended to connect Brown to the offense. The variance between the indictment and the
evidence at trial was immaterial, and legally sufficient evidence exists to support the jury's
verdict. Error was not preserved concerning the difference between the videotape
provided to the defense before trial and the videotape admitted into evidence. 
          We affirm the judgment.




                                                                Donald R. Ross
                                                                Justice

Date Submitted:      August 16, 2004
Date Decided:         December 14, 2004

Publish