Marion YOUNG, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 01–01–01235–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 14, 2002.

Rehearing Overruled Jan. 24, 2003.

Greg Gladden, Law Office of Greg Gladden, Houston, for Appellant.

Renee Ann Mueller, District Attorney, Washington and Burleson County, Brenham, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and RADACK.

## OPINION

SHERRY J. RADACK, Justice.

A jury found appellant, Marion Young, guilty of delivery of cocaine weighing more than four grams, but less than two hundred grams. The trial court assessed punishment at 35 years' confinement. In two points of error, appellant contends that (1) the evidence was legally insufficient to support his conviction; and (2) the trial court abused its discretion in instructing the jurors to continue with their deliberations after 5:00 p.m., when the trial court had previously told the jurors that they would not work past 5:00 or 5:30 p.m.

We reverse and acquit.

### Facts

In February 2000, while on community supervision, Hamilton Farr, a confidential informant, was arrested for selling marihuana to another confidential informant. On September 19, 2000, the State filed a motion to revoke Farr's community supervision. Shortly thereafter, Farr volunteered to help the Independent Narcotics Task Force (INTF) apprehend appellant, an alleged cocaine dealer.

Washington County Deputy Sheriff Ted Galloway, who was assigned to the INTF,

testified that on November 15, 2000, he gave Farr $600 to purchase cocaine from appellant. An officer searched Farr, as well as Farr's car, to ensure that Farr did not possess a weapon or contraband. Farr was provided with.an audio tape recorder to record the cocaine transaction. Farr left in his car, and Galloway followed him to the "area" where Farr was believed to be going. Galloway stopped following Farr when Farr turned onto County Road 2039. Galloway believed Farr to be going to a residence on County Road 242, but it is unclear as to what distance separated Galloway from the residence he believed Farr was going to. It is undisputed that Farr "went out alone" to make the cocaine transaction. When Farr returned, Galloway recovered the tape recorder, the audio tape, and 19.49 grams of cocaine from Farr. Farr identified appellant as the person who sold him the cocaine, and appellant was subsequently arrested.

The State presented five witnesses at trial. Three of them were law enforcement officers who testified about their working relationship with Farr, the preparation and technique involved in their use of confidential informants, and the chain of custody as to the cocaine recovered in this case. Dennis Ramsey, a chemist for the Texas Department of Public Safety in Austin, testified for the State that he had analyzed the substance recovered from Farr and had found it to be cocaine. Farr testified that he had purchased the cocaine from appellant.

Farr also identified a photograph of appellant's house as the location of the cocaine transaction, and identified appellant as one of the voices on the audio tape used to record the cocaine transaction. No one else identified appellant's voice on the tape.

## Sufficiency of the Evidence

In his first point of error, which disposes of the appeal, appellant argues that the evidence was legally insufficient to support his conviction because it was based on the testimony of a confidential informant and the State presented no other evidence tending to connect appellant with the cocaine purchase. See Tex.Code Crim. Proc. Ann. art. 38.141 (Vernon Supp.2002).

When reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App.2000).

Article 38.141 provides that:

(a) A defendant may not be convicted of an offense ... on the testimony of a person who is not a licensed peace officer ... but who is acting covertly on behalf of a law enforcement agency ... unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.

(b) Corroboration is not sufficient for the purposes of this article if the corroboration only shows the commission of the offense....

Tex.Code Crim. Proc. Ann. art. 38.141 (Vernon Supp.2002).

Article 38.141 became effective in September 2001. Neither party directs us to an appellate decision interpreting article 38.141, and both sides agree that we should look to case law interpreting article 38.14, a similarly worded statute, for guidance. Article 38.14 provides that "a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed." Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon

1979). In interpreting the meaning of article 38.141, we must assume that the legislature was aware of case law interpreting the similar language used in article 38.14. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex.1990) ("[a] statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it.").

The purpose of the article 38.14 corroborating evidence requirement is to ensure that the conviction of an accused rests upon more than the testimony of an accomplice because an accomplice may have an incentive to be untruthful. *Blake v. State*, 971 S.W.2d 451, 454 (Tex.Crim.App. 1998). In *Blake*, the court explained that, "the rule reflects a legislative determination that accomplice testimony implicating another person should be viewed with a measure of caution, because accomplices often have incentives to lie, such as to avoid punishment or shift blame to another person." *Id.*

We recognize that confidential informants may have incentives to create criminal cases or shade their testimony in favor of the State in the hope that they will be rewarded with greater leniency later on. This issue is addressed by the requirement in article 38.141 that the defendant's conviction be based, at least in part, upon "other evidence tending to connect" an accused with the offense.

■ In determining whether there is "other evidence" tending to connect an accused with the offense in an analysis under article 38.14, a court must "eliminate all accomplice evidence and determine whether the other inculpatory facts and circumstances in evidence tend to connect appellant to the offense." *McDuff v. State*, 939 S.W.2d 607, 612 (Tex.Crim.App.1997); *Brown v. State*, 672 S.W.2d 487, 488 (Tex. Crim.App.1984) ("[t]he test . . . is to eliminate from consideration the evidence of the accomplice witness and then examine the testimony of other witnesses to ascertain if there is inculpatory evidence which tends to link the accused with the commission of the offense."). The "testimony" that is to be eliminated from consideration is that testimony given by live witnesses speaking under oath in court. *Bingham v. State*, 913 S.W.2d 208, 210 (Tex.Crim.App.1995).

■ Non-accomplice evidence does not, by itself, have to establish the guilt of the defendant beyond a reasonable doubt, but it does have to connect the defendant with the offense. *McDuff*, 939 S.W.2d at 612. Where corroborating evidence required for a conviction is lacking, the defendant will be entitled to a verdict of acquittal. TEX. CODE CRIM. PROC. ANN. art. 38.17 (Vernon 1979).

In determining whether the article 38.141 "other evidence" requirement was satisfied, we will follow the approach used in *McDuff* and eliminate from our consideration all of Farr's testimony. The requirements of article 38.141 will have been met if we find some "other evidence" that tended to connect appellant with the cocaine transaction.

■ The State argues that, after disregarding Farr's testimony in its entirety, there was still sufficient evidence connecting appellant with the offense because: (1) the State introduced a photograph of appellant's house into evidence, which was identified by Farr as the location of the cocaine transaction; and (2) appellant's voice was on the audio tape used by Farr to record the cocaine transaction. We disagree. The photograph of appellant's house simply did not connect appellant to a cocaine transaction, and the State offered no other evidence that linked appellant's house to a cocaine transaction. None of the officers could verify that Farr went to appellant's house on the day of the cocaine

transaction because, as Farr testified, he "went out alone." No other witnesses testified that Farr entered appellant's house, or that a cocaine transaction took place there. Farr provided the only link between appellant's house and the cocaine transaction, and, after we eliminate his testimony from our consideration, we find that the photograph of appellant's house was not "other evidence" tending to connect appellant with the cocaine transaction.

Likewise, without Farr's testimony, the tape recording did not connect appellant to the cocaine transaction. Appellant did not testify in this case, and aside from Farr, no one identified appellant's voice on the tape recording. Without Farr's identification of appellant's voice, we have only unidentified voices on the audio tape recording. The fact that the jury was able to listen to an audio recording of a possible cocaine transaction is insufficient to connect appellant with the commission of the offense because corroborating evidence is not sufficient if it merely "shows the commission of the offense." TEX.CODE CRIM. PROC. ANN. art. 38.141.

None of the other evidence in the record tended to connect appellant to the offense. Officer Galloway testified as to his relationship with Farr, and generally how confidential informants are used by law enforcement. Galloway also described the events leading up to the cocaine transaction, but he did not see the cocaine transaction, or even where Farr went. Officer Peter Glidewell also testified as to the events leading up to Farr's departure from the officers' presence, but like Galloway, he did not know where Farr went after leaving the officers. Neither officer provided testimony that connected appellant with the cocaine transaction.

The State offered no other corroborating evidence that tended to connect appellant to the cocaine transaction. Accordingly, we hold the evidence was legally insufficient to sustain appellant's conviction.

We sustain appellant's first issue.

### Conclusion

Because we hold that there was legally insufficient evidence to support appellant's conviction, we need not address his second issue. We reverse the judgment of the trial court and render a judgment of acquittal.