NUMBER 13-03-771-CR

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG





THE STATE OF TEXAS,                                                     Appellant,

v.

GEORGE LONGORIA,                                                          Appellee.




On appeal from the 105th District Court
of Nueces County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Memorandum Opinion by Justice Castillo

         The State charged appellee George Longoria by indictment with the second-degree felony offense of possession of cocaine.


 After an evidentiary hearing, the trial
court granted his motion to suppress. By a single issue, the State appeals from the
ruling.


 We affirm.  
I. BACKGROUND
         Officer Daniel S. Ramos, a narcotics investigator, executed an affidavit for the
search-and-arrest warrant at issue. He attested, on information from a reliable and
credible informant, that Melinda Llamas and Rudy Hernandez had possession of and
were concealing cocaine at the suspected address, 425 Hiawatha in Corpus Christi,
Texas. 
         In his affidavit in support of the warrant, Ramos attested that Llamas and
Hernandez were in charge of and controlled the residence at 425 Hiawatha. On the
other hand, Longoria attached to his motion to suppress his affidavit stating that: 
(1) Llamas and Hernandez were not in charge of or in control of the residence at that
address; and (2) they had never been in the residence while Longoria was there. 
         Both Longoria and Ramos testified at the suppression hearing. Longoria testified
that he rented the residence. He did not know Llamas and Hernandez. Neither Llamas
nor Hernandez had been in the residence. Ramos testified that a reliable confidential
informant reported buying narcotics at 425 Hiawatha and knew Llamas. No officer
observed the confidential informant at 425 Hiawatha during the transaction. Further,
Ramos testified that Llamas resided at 417 Hiawatha, two houses from the targeted
house at 425 Hiawatha. 
         In granting the motion to suppress, the trial court summarized the testimony,
allowed additional testimony, and then ruled:
THE COURT: In a search warrant case the Court must look at the
warrant and make a determination based solely on the warrant; however,
in certain cases the Defense has the opportunity to go behind the warrant
to determine whether any statements contained in the warrant are either
false or were made with utter disregard of the truth on any matter
contained in there. An informant always brings problems to the State's
case because of the nature of the business that the informant is involved
in. Here, of course, the informant has admitted to engaging in criminal
activity by purchasing a controlled substance. There is the issue of the
credibility of the informant. The State has the burden of establishing that
the informant's information is accurate and truthful. I'm concerned here
that the State could not verify that the informant went to 425 Hiawatha. 
There is no confirmation of that fact. There was no officer who
witnessed the informant go to that very residence. Apparently, there's
a string of houses over here on Hiawatha Street where criminal activity
has occurred at some point, and it may be that this person by the name
of Melinda has had access to the houses at one time or another. The
Defendant in this case has stated under oath that he was in control of
the premises on May 29, excuse me, May 29, May 30, 2003, and he has
stated under oath that Melinda Llamas and Rudy Hernandez were not at
the house. Now did the Defendant testify that he was at the house all
day on May 29 or May 30?
 
                  [DEFENSE COUNSEL]: He will.
                  THE COURT: Well, he will now or did he?
[DEFENSE COUNSEL]: I think his testimony is, Judge, that during
this period of time he and his wife and his child were there at all times. 
Of course, he had to work, but if not, he was there. Is that correct?
 
LONGORIA: Yes. I had gotten out of work probably about 4:00
before that happened, 4:00 or 5:00. My wife is always there. She's not
working right now. She's barely getting a job, so she was there all day.
 
THE COURT: And, of course, the Defendant's own credibility is
at issue, and certainly the State would have the opportunity to find out
and determine whether this Defendant engaged in similar activity before
and could have impeached him with prior bad acts or prior convictions or
conduct of that sort, and there was none, right?
 
[PROSECUTOR]: As far as I know, Judge. I looked. The Court
will recall that he did testify that someone named Melinda was at his
house sometime at the end of the month of May, which is consistent
with Melinda Llamas having been at his house and conducted a
transaction. There was further evidence that there actually were quite
a bit of drugs found in his home, so that is consistent with there having
been a drug transaction at his house when there was a Melinda there.
 
[DEFENSE COUNSEL]: Melinda came by to pick up the rent. She
picked up the rent and she left and Mr. Longoria was there. There is no
evidence that his Melinda who picked up the rent is the same Melinda
Yanez or Llamas. 
 
THE COURT: The Defendant has established by a preponderance
of the evidence that he was in control of the house, that Melinda Llamas
and Rudy Hernandez were not residing at the house. The officer did not
testify or testified, rather, that he did not see nor any of his officers saw
the informant go into 425 Hiawatha. I'm going to grant the Motion to
Suppress. 

         The trial court's written order is in the record. The State timely filed a request
for findings of facts and conclusions of law. The trial court did not file findings of
facts and conclusions of law. This appeal ensued. 

II. DISPOSITION
A. Standard of Review
         The standard applicable to our review of the trial court's ruling on a suppression
motion depends on the question presented. Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). We afford almost total deference to the trial court's
determination of historical facts that find support in the record, especially where the
determination is based on an evaluation of credibility and demeanor. Id. We also
afford almost total deference to the trial court's application of the law to the facts
where the application turns on an evaluation of credibility and demeanor. Id. Where
the application of the law to the facts does not revolve around an evaluation of
credibility and demeanor, we review the issue de novo. Id. However, even then we
still afford deference to the trial court's determination of subsidiary fact questions. Id. 
At a hearing on a motion to suppress, the trial court is the sole judge of the credibility
of the witnesses and the weight to be given to their testimony. Wyatt v. State,
23 S.W.3d 18, 23 (Tex. Crim. App. 2000). The trial court is free to believe or
disbelieve any or all parts of a witness's testimony. Dewberry v. State, 4 S.W.3d
735, 747 (Tex. Crim. App. 1999). 
B. Analysis
         In a single issue, the State contends that the trial court abused its discretion in
granting Longoria's motion to suppress without any showing that the search warrant
affidavit was facially insufficient or that Ramos knowingly or recklessly placed false
assertions in it. The State argues that the evidence at the suppression hearing
suggested, at most, that the confidential informant may have been mistaken about the
residence from which he bought drugs. However, the State emphasizes, no evidence
suggests that Ramos was aware of the mistake or reasonably should have been. 
         Longoria counters that the affidavit on which the search warrant issued
contained the false statement that Llamas and Hernandez were in charge of and
controlled his home at 425 Hiawatha. He argues that the trial court was correct in
suppressing the evidence because the affidavit on which the search warrant issued
contained material false statements. 
          The only evidence before the trial court was Ramos's and Longoria's testimony. 
Ramos testified no one had observed the informant go to 425 Hiawatha. The trial
court concluded that Longoria established by a preponderance of the evidence that he
was in control of the house and that Llamas and Hernandez were not residing at the
house. On the record before us in this case, we find that the trial court's decision to
grant the motion to suppress turned on his evaluation of the relative credibility of the
informant's information and the credibility and demeanor of Ramos and Longoria. 
Thus, we review the trial court's decision under a highly deferential abuse-of-discretion
standard. See Guzman, 955 S.W.2d at 89. In light of this almost total deference and
the evidence in this case, we decline to disturb the trial court's ruling. See Young v.
State, 95 S.W.3d 448, 451-52 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd)
(finding insufficient evidence to connect accused with drug transaction where
informant identified accused's house as site of drug transaction but authorities did not
observe informant actually present at accused's house on day of transaction). We
hold that the trial court did not abuse its discretion in granting the suppression motion. 
                                              III. CONCLUSION
         We overrule the State's sole issue. We affirm the trial court's ruling. 


                                                                         ERRLINDA CASTILLO
                                                                        Justice

Do Not Publish.
Tex. R. App. P. 47.2(b). 

Memorandum Opinion delivered and filed
this 31st day of August, 2004.