In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00098-CR
______________________________


ROBERT DOYLE JEFFERY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 8th Judicial District Court
Delta County, Texas
Trial Court No. 6592


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            Based on a prior "controlled buy" of crack cocaine by a covert witness from Robert Doyle
Jeffrey, the Delta County Sheriff's Office obtained a search warrant to search Jeffrey's residence for
controlled substances. In executing the warrant, the deputies knocked three times on the front door,
announced their presence and their intent to execute the warrant, immediately heard someone
running inside the residence, and entered the residence after waiting approximately five seconds. 
Inside Jeffrey's bedroom, the deputies discovered several rocks of crack cocaine in a pill bottle, a
crack pipe, an electronic scale, a balance beam scale, and a ledger listing names and figures. After
a jury trial and a conviction on charges of possession of a controlled substance with intent to deliver,
Jeffrey was sentenced to thirty years' imprisonment.
            There are two major issues raised on appeal: whether the short delay between deputies'
"knock and announce" at the residence and the deputies' entrance into the residence was justified in
light of the constitutional "knock and announce" requirement, and whether the State introduced
insufficient evidence to corroborate the testimony of the covert witness. We affirm because we hold
(1) the trial court did not abuse its discretion in denying the motion to suppress based on the alleged
failure to "knock and announce" properly, and (2) the State introduced evidence to sufficiently
corroborate the covert witness.
 
 
(1) The Trial Court Did Not Err in Denying the Motion To Suppress
            Jeffrey argues, in his first point of error, that the State failed to establish that, when deputies
executed the search warrant, they satisfied the "knock and announce" requirement.


 Jeffrey contends 
the approximately five second delay, between when the deputies knocked on the door and announced
their presence and when the deputies entered the residence, is insufficient to satisfy the "knock and
announce" requirement. Jeffrey also argues the State failed to prove an exception to the "knock and
announce" requirement. We disagree.
            A trial court's decision to grant or deny a motion to suppress is reviewed under an abuse of
discretion standard. Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); Villarreal v.
State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). The general rule is that an appellate court
should afford almost total deference to a trial court's determination of the historical facts supported
by the record, especially when the trial court's fact findings are based on an evaluation of credibility
and demeanor. Villarreal, 935 S.W.2d at 138. At a suppression hearing, the trial court is the
exclusive trier of fact and judge of the credibility of the witnesses. Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997). We are also to afford such deference to a trial court's ruling on
"application of law to fact questions," also known as "mixed questions of law and fact," if the
resolution of those questions turns on an evaluation of credibility and demeanor. Villarreal, 935
S.W.2d at 138. We review de novo those questions not turning on credibility and demeanor. Id. 
            Both the Fourth Amendment to the United States Constitution and Article I, Section 9 of the
Texas Constitution guarantee the right of the people to be secure against unreasonable searches of
their persons, houses, papers, and effects.


 U.S. Const. amend. IV; Tex. Const. art. I, § 9. Under
certain circumstances, the failure of police to knock and announce their presence and purpose before
executing a search warrant may make the search unreasonable. Wilson v. Arkansas, 514 U.S. 927,
934 (1995). Police may dispense with the "knock and announce" requirement if they "have a
reasonable suspicion that knocking and announcing their presence, under the particular
circumstances, would be dangerous or futile, or . . . would inhibit the effective investigation of the
crime by, for example, allowing the destruction of evidence."


 Richards v. Wisconsin, 520 U.S. 385,
394 (1997). Even if a warrant does not expressly authorize a "no-knock" entry, police may enter
without an announcement if circumstances support a reasonable suspicion of exigency. Id. at
392–94.
            We agree with the Eastland Court of Appeals that a short delay between the announcement
and the forced entry does not make the search unreasonable as a matter of law. See Stokes v. State,
978 S.W.2d 674, 676 (Tex. App.—Eastland 1998, pet. ref'd) ("two second" delay between the
announcement and the forced entry does not make the search unreasonable "as a matter of law"). 
The United States Supreme Court, rejecting "bright-line" time guidelines for how long a police
officer must wait before forcible entry, has held that the same criteria for dispensing with a knock
and announcement "bear on when the officers can legitimately enter after knocking." United States
v. Banks, 540 U.S. 31, 35 (2003); see Flores v. State, No. 01-03-00910-CR, 2005 Tex. App. LEXIS
68, at *9 n.5 (Tex. App.—Houston [1st Dist.] Jan. 6, 2005, no pet.) (not designated for publication). 
In Banks, the United States Supreme Court found that entry was reasonable fifteen to twenty seconds
after the announcement because the officers could reasonably expect destruction of the evidence if
they delayed longer. Banks, 540 U.S. at 40. The United States Supreme Court held that the exigency
had matured after fifteen to twenty seconds and entry was reasonable. Id. Therefore, if a reasonable
suspicion of exigency had matured by the time the deputies entered Jeffrey's residence, the entry was
not unreasonable.
            The burden of proof is on the State to justify dispensing with the "knock and announce"
requirement by showing exigent circumstances. Ballard, 104 S.W.3d at 376. We evaluate whether
the execution of a warrant was reasonable on a case-by-case basis and consider the "totality of the
circumstances." Banks, 540 U.S. at 35–36. The reasonableness of the forced entry is judged by the
facts known to the officer at the time of entry. Id. at 39 (citing Graham v. Connor, 490 U.S. 386,
396 (1989)). The mere assumption that those in possession of controlled substances are normally
also in possession of firearms is insufficient as a matter of law to relieve the authorities of their
historical duty to knock and announce their presence. Price v. State, 93 S.W.3d 358, 367 (Tex.
App.—Houston [14th Dist.] 2002, pet. ref'd).
            The State presented sufficient evidence of exigent circumstances in this case. Deputy John
Plemons testified he knocked three times on the front door, announced his presence and his intent
to execute the warrant, and entered after approximately five seconds. On cross-examination, 
Plemons admitted it may have only been four or four and a half seconds. Plemons testified he
immediately heard the sound of running when he commenced knocking. Sheriff Mark Bassham,
who was at the side of the house, testified he heard the announcement. The burden to justify a "no-knock" entry "is not high." Ballard, 104 S.W.3d at 375–76. Although the deputies in this case
entered more quickly than the officers in Banks, they had heard the sound of someone running inside. 
As the United States Supreme Court noted in Banks, drugs can be disposed of in a relatively short
period of time. Banks, 540 U.S. at 40. The approximately five second wait, combined with the
sound, coming from inside the house, of someone running in reaction to the knocking, provided the
deputies with specific articulable facts creating reasonable suspicion that further delay would result
in the suspects fleeing the scene or destroying evidence. Under the totality of the circumstances, the
trial court did not abuse its discretion in determining that a reasonable suspicion of exigency had
matured at the point the officers entered the residence.
            Jeffrey cites Ballard in support of his argument that the entry was unreasonable. In Ballard,
the parties did not dispute that the officers failed to knock and announce their presence before
entering the house. Ballard, 104 S.W.3d at 376. The Beaumond Court of Appeals ruled there were
not sufficient specific articulable facts to create a reasonable suspicion of exigent circumstances, and
refused to create a per se exception for searches of methamphetamine labs. Id. at 383–84. Unlike
officers in Ballard, the officers in this case did have specific articulable facts that created reasonable
suspicion. The officers heard footsteps and had waited a few seconds. The trial court could have
reasonably concluded these facts provided sufficient specific articulable facts to create reasonable
suspicion of exigency.
            While we may have reached a different conclusion as to the reasonableness of the entry, we
cannot conclude the trial court abused its discretion in finding the entry reasonable. The trial court
did not abuse its discretion in determining that a reasonable suspicion of exigency had matured by
the time the officers entered the residence. Since the trial court did not abuse its discretion in
denying the motion to suppress, we overrule Jeffrey's first point of error.
(2) The Evidence Sufficiently Corroborates the Covert Witness' Testimony
            In his second point of error, Jeffrey argues that the evidence corroborating the testimony of
the covert witness was insufficient.


 According to Jeffrey, the State failed to introduce some
evidence other than the covert witness' testimony that tended to connect Jeffrey to the offense
charged. Because the State introduced sufficient evidence to corroborate the testimony of the covert
witness, it is not necessary that we address the State's argument that Article 38.141 does not apply
in this case.



            The investigation of Jeffrey resulted from a tip by Timothy Sims, an inmate at the Delta
County jail. Sims approached Sheriff Bassham while in custody at the jail and offered to provide
information about illegal drug activity in Delta County in exchange for a personal recognizance bond
on three misdemeanor charges on which he was being held. Sheriff Bassham arranged for Sims'
release and arranged for Sims to make a "controlled buy" from Jeffrey. Sheriff Bassham and Deputy
Plemons searched Sims before the purchase and provided Sims with fifty dollars with which to
purchase drugs. The fifty dollars had been previously photocopied to track the serial numbers.
Sheriff Bassham testified they maintained constant visual observation of Sims from the time he
exited Bassham's car until he entered Jeffrey's residence. A short time later, Sims left Jeffrey's
residence and proceeded directly to meet with the Sheriff. Another search of Sims revealed that
Sims no longer possessed the fifty dollars and had two rocks of alleged crack cocaine in his
possession. Based on Sims' statement, Bassham obtained a warrant to search Jeffrey's residence. 
At trial, Sims testified he purchased crack cocaine from Jeffrey. Sims' testimony was admitted as
evidence of Jeffrey's intent to deliver and was accompanied by a limiting instruction.
            Article 38.141 of the Texas Code of Criminal Procedure requires that testimony of a person
who is not a licensed police officer or special investigator but is acting covertly on behalf of the
police be corroborated by other evidence tending to connect the accused to the offense. Brown v.
State, 159 S.W.3d 703, 707 (Tex. App.—Texarkana 2004, pet. ref'd); see Tex. Code. Crim. Proc.
Ann. art. 38.141(a), (b) (Vernon 2005). Similar to accomplice witnesses, covert witnesses may have
incentives to lie or shade their testimony in favor of the State and, therefore, such testimony should
be viewed with a measure of caution. Brown, 159 S.W.3d at 707; Young v. State, 95 S.W.3d 448,
451 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). In Brown, this Court found the interpretations
of Article 38.14 of the Texas Code of Criminal Procedure relating to accomplice witness testimony
persuasive and applicable to Article 38.141. Brown, 159 S.W.3d at 707; see Torres v. State, 137
S.W.3d 191, 196 (Tex. App.—Houston [1st Dist.] 2004, no pet.); Jefferson v. State, 99 S.W.3d 790,
793 (Tex. App.—Eastland 2003, pet. ref'd); Young, 95 S.W.3d at 451; Cantelon v. State, 85 S.W.3d
457, 461 (Tex. App.—Austin 2002, no pet.).
            The covert witness rule requires that the State produce some other evidence which "tends to
connect" the accused to the commission of the offense alleged in the indictment. Brown, 159 S.W.3d
at 707–08. In our analysis of whether there is "other evidence" which tends to connect the accused
with the offense, we must eliminate all of the covert witness' testimony and determine whether the
remaining inculpatory facts and circumstances tend to connect the appellant to the offense. Id.
            Just Jeffrey's presence at the scene is not enough to corroborate the accomplice testimony. 
Mere presence of a defendant at the scene of the crime is insufficient to corroborate accomplice
testimony. Id.; Torres, 137 S.W.3d at 196. But the presence of the accused at or near the scene of
the crime at or about the time of its commission coupled with other suspicious circumstances may
be sufficient to tend to connect the accused to the crime. Brown, 159 S.W.3d at 708; see Brown v.
State, 672 S.W.2d 487, 489 (Tex. Crim. App. 1984). "Even apparently insignificant incriminating
suspicious circumstances may sometimes prove to be sufficient corroboration." Brown, 159 S.W.3d
at 708; Torres, 137 S.W.3d at 196; Cantelon, 85 S.W.3d at 461; see Munoz v. State, 853 S.W.2d
558, 559 (Tex. Crim. App. 1993). Cumulative evidence of "suspicious circumstances" may be
sufficient even if none of the circumstances would be sufficient individually. Cantelon, 85 S.W.3d
at 460–61.
            The State introduced sufficient "suspicious circumstances" which tend to connect Jeffrey to
the controlled substance. Jeffrey leased the residence and therefore had control over its contents. 
Jeffrey made several statements indicating his guilt. While Jeffrey was being escorted from the
residence by the deputies, Q.W., Jeffrey's son, stated "Daddy, I didn't have any of your rocks." 
Jeffrey replied: "Boy, have you been in my stuff?" Jeffrey also informed the deputies that Cynthia
Nance, the other person in the residence, "didn't have anything to do with this." In addition, several
objects found in Jeffrey's bedroom tended to connect him to the offense. The police discovered
crack cocaine in a pill bottle wrapped in duct tape, a crack pipe, a brass metal tray, Jeffrey's driver's
license, a ledger with a list of names and figures, and almost $300.00 in currency, including the cash
the police had provided to the covert witness to purchase drugs. Fifty dollars found in Jeffrey's
bedroom had identical serial numbers as the currency provided to Sims. Cumulatively, these
suspicious circumstances tend to connect Jeffrey to possession of a controlled substance with the
intent to deliver.
            Jeffrey argues the only evidence to support the intent to deliver element of the charged
offense was the testimony of the covert witness. The corroborating evidence does not need to prove
all the elements of the alleged offense or directly link the accused to the commission of the offense. 
See Munoz, 853 S.W.2d at 559; Underwood v. State, 967 S.W.2d 925, 928 (Tex. App.—Beaumont
1998, pet. ref'd); Hernandez, 939 S.W.2d at 176. The covert witness rule requires only some
evidence which tends to connect the accused to the offense. Further, there was additional evidence
of the intent to deliver. The scales, ledger, and other items found in Jeffrey's bedroom provide
circumstantial evidence of Jeffrey's intent to deliver.
            The State sufficiently corroborated the testimony of the covert witness. There is some
evidence other than the covert witness' testimony which tends to connect Jeffrey to the offense. We
overrule Jeffrey's second point of error.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          May 30, 2005
Date Decided:             July 15, 2005

Publish