NO. 07-03-0493-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



AUGUST 29, 2005



______________________________




RAY GUTIERREZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;



NO. 3729; HONORABLE FELIX KLEIN, JUDGE



_______________________________



Before QUINN, C.J., REAVIS, J., and BOYD, S.J. (1)



MEMORANDUM OPINION


 Following a plea of not guilty, appellant Ray Gutierrez was convicted by a jury of
delivery of a controlled substance, enhanced, and punishment was assessed at 99 years
confinement. Presenting two issues, appellant questions (1) the sufficiency of the evidence
to support his conviction and (2) whether he was afforded effective assistance of counsel
under the Sixth and Fourteenth Amendments of the United States Constitution. We affirm.

 On the morning of December 3, 2002, Alex Ojeda, a narcotics officer, met with a
confidential informant (CI) to prepare for a controlled buy. He thoroughly searched the CI's
car and his person before giving him an audio recording device and $80 to purchase
cocaine from appellant. According to the evidence, the CI drove to appellant's trailer
house, knocked on the door, and entered. Moments later, both exited and entered the CI's
car. They drove to another residence where appellant entered alone, exited shortly
thereafter, returned to the CI's car, and drove back to appellant's trailer house. After the
CI purchased $80 worth of cocaine from appellant, he proceeded to a predetermined
location to meet Officer Ojeda and turn over the cocaine and audio recording. 

 Appellant maintains by his first issue that the evidence is factually insufficient under
article 38.141 of the Texas Code of Criminal Procedure to support his conviction. We
disagree.

 A defendant may not be convicted of an offense under chapter 481 of the Texas
Health and Safety Code on the testimony of a person who is not a licensed peace officer
or a special investigator but who is acting covertly for law enforcement unless the testimony
is corroborated by other evidence tending to connect the defendant with the offense. Tex.
Code Crim. Proc. Ann. art 38.141(a) (Vernon 2005). Additionally, corroboration is not
sufficient for the purposes of this article if it only shows the commission of the offense. Id.
at (b). 

 Although appellant frames his issue as a factual sufficiency challenge, corroboration
is not reviewed under that standard. Dennis v. State, 151 S.W.3d 745, 748-49
(Tex.App.-Amarillo 2004, pet. ref'd), citing Cantelon v. State, 85 S.W.3d 457, 460
(Tex.App.-Austin 2002, no pet.). Rather, in reviewing sufficiency of corroboration of
testimony of a confidential informant, we eliminate the informant's testimony from
consideration and examine the record to see if other inculpatory evidence tends to connect
the accused with commission of the offense. (2) Young v. State, 95 S.W.3d 448, 451
(Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). The "tends-to-connect" standard does not
present a high threshold. Cantelon, 85 S.W.3d at 461. We view the corroborating
evidence in the light most favorable to the verdict. Id.

 Officer Ojeda testified he thoroughly searched appellant and his car prior to giving
him the $80 to make the buy. From an unmarked car, he observed the CI's movements
throughout the entire transaction. Other than contact with appellant, the CI was not
involved with anyone else. Although Ojeda did not visually observe the transfer of cocaine
which occurred in the CI's car, he heard the transaction on the audio recording. Appellant
and the CI spoke in Spanish and Ojeda testified to being fluent in Spanish. Specifically,
he heard appellant ask the CI how much "soda," which is slang for cocaine, he wished to
purchase. He was also able to identify the CI's voice on the audio recording and discern
the difference between his voice and appellant's voice. After the transfer, Ojeda observed
appellant exit the CI's car. The CI then drove away from appellant's driveway to a
predetermined location to hand over the cocaine and audio recording to the officer. 
Considering the low threshold for meeting the "tends-to-connect" standard, we conclude
the evidence presents sufficient corroboration that appellant committed the offense. Issue
one is overruled. 

 By his second issue, appellant raises ineffective assistance of counsel. Specifically,
he alleges trial counsel was ineffective for failing to file a motion to disclose the identity of
the confidential informant, obtain a ruling on a motion to suppress, and improper
investigation of the facts.

 A claim of ineffectiveness is reviewed under the standard set out in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a
defendant must establish that (1) counsel's performance was deficient (i.e., fell below an
objective standard of reasonableness), and (2) there is a reasonable probability that but for
counsel's deficient performance, the result of the proceeding would have been different,
a reasonable probability being a probability sufficient to undermine confidence in the
outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); see also
Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). Failure to make the required
showing of either deficient performance or sufficient prejudice defeats the ineffectiveness
claim. Thompson v. State, 9 S.W.3d 808, 814 (Tex.Cr.App. 1999), citing Strickland, 466
U.S. at 700.

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Id. Although the
constitutional right to counsel ensures the right to reasonably effective counsel, it does not
guarantee errorless counsel whose competency or accuracy of representation is to be
judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); see also
Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). Appellate review of trial
counsel's representation is highly deferential and presumes that counsel's conduct fell
within the wide range of reasonable and professional representation. See Andrews v.
State, 159 S.W.3d 98, 101 (Tex.Cr.App. 2005). See also Bone v. State, 77 S.W.3d 828,
833 (Tex.Cr.App. 2002). Where the alleged derelictions are errors of omission de hors the
record rather than commission revealed in the trial record, collateral attack may be the
vehicle by which to develop a detailed record of the alleged ineffectiveness. See Freeman
v. State, 125 S.W.2d 505, 506-07 (Tex.Cr.App. 2003). See generally Massaro v. United
States, 538 U.S. 500, 123 S.Ct. 1690, 1694 155 L.Ed.2d 714 (2003) (stating that when a
claim of ineffectiveness is raised on direct appeal, a trial record is usually not developed
for establishing such a claim).

 Any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d
at 813. Where the record is silent, we may not speculate on counsel's performance. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex.Cr.App. 1994); Gibbs v. State, 7 S.W.3d 175,
179 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). Generally, the record on direct appeal
will not be sufficient to show that counsel's conduct was so deficient as to meet the first
prong of the Strickland standard as the reasonableness of counsel's choices often involves
facts that do not appear in the record. See Mitchell v. State, 68 S.W.3d 640, 642
(Tex.Cr.App. 2002). Where, as here, appellant complains of errors of omission and only
a partial reporter's record is presented, we are unable to determine whether counsel's
performance was deficient. Issue two is overruled. 

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Appellant filed a partial reporter's record containing excerpts of testimony from
Officer Alex Ojeda, the confidential informant, a chemist, and a victim's assistant
coordinator. A sufficiency challenge cannot be raised with a partial record. See generally 
Greenwood v. State, 823 S.W.2d 660, 661 (Tex.Cr.App. 1992) (interpreting former Rule
53(d), now 34.6(c)(5) of the Texas Rules of Appellate Procedure). Also, appellant did not
include a statement of issues to be presented on appeal as required by Rule 34.6(c)(1). 

 Although appellant's challenge is to the sufficiency of corroboration, a review of all
testimony is still necessary. By order dated June 23, 2005, this Court ordered appellant
to make arrangements for preparation of the entire reporter's record on or before July 15,
2005. On August 15, 2005, the court reporter filed a motion for extension of time indicating
appellant had not yet made arrangements for the supplemental reporter's record. The
motion was denied and the appeal proceeded on course. Although appellant's failure to
provide the entire record constitutes waiver of his sufficiency complaint, we nevertheless
will review the excerpts of Officer Ojeda's testimony to determine whether there is sufficient
corroboration of the CI's testimony.