Affirmed and Memorandum Opinion filed December 19, 2006








Affirmed and Memorandum Opinion filed December 19, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01056-CR

_______________

 

JUAN MARTINEZ, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 992,519

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

Juan Martinez, Jr. appeals a
conviction for possession of cocaine with the intent to distribute[1]
on the grounds that the: (1) trial court erred in admitting expert testimony
regarding the identification of appellant through a dog scent lineup; (2)
evidence is legally  and factually insufficient to support his conviction; and
(3) a confidential informant=s testimony was not sufficiently corroborated.  We affirm.








Expert Testimony

Appellant=s first issue contends the trial
court erred in allowing expert testimony concerning a dog scent lineup because:
(1) Officer D.L. Oglesby, the dog trainer, was not qualified; (2) Lucy, the
bloodhound, was not reliable; and (3) the lineup was impermissibly suggestive.[2] 
A trial court=s ruling on the admission of expert testimony is reviewed for abuse of
discretion and should be upheld unless the ruling was outside the zone of
reasonable disagreement.  Ellison v. State, 201 S.W.3d 714, 723 (Tex.
Crim. App. 2006); Oprean v. State, 201 S.W.3d 724, 726 (Tex. Crim. App.
2006).  Expert testimony is admissible if it is sufficiently reliable and
relevant to help the jury in reaching accurate results.  Tex. R. Evid. 702; Kelly v. State,
824 S.W.2d 568, 572 (Tex. Crim. App. 1992). 

When addressing fields of expert
testimony that are based upon experience or training (as contrasted from
scientific methods), the appropriate questions for assessing reliability are
whether the: (1) field of expertise is a legitimate one; (2) subject matter of
the expert's testimony is within the scope of the field; and (3) expert's
testimony properly relies upon or utilizes the principles involved in the
field.  See State v. Medrano, 127 S.W.3d 781, 784B85 (Tex. Crim. App. 2004) (citing
Nenno v. State, 970 S.W.2d 549, 560B61 (Tex. Crim. App. 1998), overruled
on other grounds by State v. Terrazas, 4 S.W.3d 720 (Tex. Crim. App.
1999)).  Expert testimony based on a dog scent lineup falls under training and
experience, and not a scientific method; therefore, we apply the less rigorous Nenno
test in this case.  Winston v. State, 78 S.W.3d 522, 526 (Tex. App.CHouston [14th Dist.] 2002, pet ref=d).  Because appellant concedes the
first two prongs of this test are met, we address only the third prong.[3]









The determination of the third prong
in dog scent cases turns on: (1) the qualifications of the particular trainer;
(2) the qualifications of the particular dog; and (3) the objectivity of the
particular lineup.  Id. at 527.  Regarding the first factor, appellant
asserts Officer Oglesby: (1) has had no scientific or technical training; (2)
has not been peer-reviewed; (3) has not been an expert in other courts; and (4)
did not know statistical information on the reliability of his methods. 
However, appellant cites no cases imposing any such requirements.  In addition,
Officer Oglesby has worked as a canine handler for twelve years and received personal
training from Keith Pikett,[4] who has
handled bloodhounds for over fifteen years.  Moreover, the evidence shows
Officer Oglesby has: (1) been contacted by numerous law enforcement agencies
for education and consulting on bloodhound handling and training; (2) attended
six training schools for field and classroom studies; (3) taught canine scent
trailing techniques at several law enforcement agencies; and (4) assisted many
agencies in their ongoing investigations.








As to the second factor, a dog is Aqualified@ if it: (1) is of a breed
characterized by acuteness of scent and power of discrimination; (2) has been
trained to discriminate between human beings by their scent; (3) has, by
experience,  been found reliable; (4) was given a scent known to be that of the
alleged participant in the crime; and (5) was given the scent within the period
of its efficiency.  Id. at 527B28.  Appellant only contests Lucy=s reliability and whether she was
given the scent known to be that of an alleged participant in the crime.[5] 
Specifically, appellant claims Lucy was not reliable because: (1) there were no
objective tests ever applied to Lucy;  and (2) Lucy was unhealthy and taking
medication for an unknown condition when appellant=s lineup occurred.  However, Lucy=s reputation for reliability in the
law enforcement community was supported by evidence that, in assisting some
thirty agencies inside and outside of Texas in seventy-four scent lineups, Lucy
never misidentified anyone after receiving the scent article.  Although
appellant claims Lucy=s medication hindered her reliability, there is no evidence
that her abilities were affected.  Additionally, despite appellant=s assertions that Lucy was not given
a scent of the alleged participant in the crime, Lucy was given the scent pad
obtained from the cocaine bricks discarded from the vehicle driven by appellant
and the co-defendant.

Regarding the objectivity of the
scent lineup, appellant asserts that Officer Oglesby: (1) did not conduct a
double-blind procedure in this case;[6] (2) used the
same fillers, i.e. persons other than appellant who participate in the
lineup, in both the appellant=s and co-defendant=s lineups; (3) required only
appellant to wear handcuffs; and (4) was unfamiliar with the National
Bloodhound Association=s procedures.  However, appellant provides no authority or
evidence indicating that the first three of these considerations actually
compromised the objectivity of the lineup.  In addition, Officer Oglesby took
affirmative steps to administer the scent lineup objectively by: (1) keeping
the officers that handled the cocaine out of the lineup;  (2) having two scent
lineups, one for the appellant and one for the co-defendant; (3) having the officers
stand in a similar fashion as the appellant, with their hands behind their
back; and (4) repositioning the officers and the lineup location between each
lineup. Moreover, Officer Oglesby testified he used both the manual from the
National Police Bloodhound Association and his training with other dog handlers
in his practice of scent identification.    

Under these circumstances, appellant=s first issue fails to demonstrate
the trial court erred in admitting Officer Oglesby=s scent lineup testimony. 
Accordingly, it is overruled. 

 








Sufficiency of the Evidence

Appellant=s second and third issues allege the
evidence is legally and factually insufficient to support his conviction. 
Specifically, appellant argues there was neither evidence that he possessed the
cocaine nor evidence Atying@ him to it because: (1) appellant=s fingerprints were not on the
cocaine bricks; (2) appellant did not own the automobile or drive it when
fleeing from police; (3) no paraphernalia was found on appellant; (4) he made no
furtive gestures and did not flee from police on foot; and (5) he was not
intoxicated and made no implausible statements.  Appellant contends the only
evidence against him was: (1) the testimony of Jackie Wilson, an informant and
convicted felon, whose credibility was called into question; (2) appellant=s presence at the scene; and (3) the
dog scent lineup.








In reviewing legal sufficiency, we
view the evidence in the light most favorable to the verdict to determine
whether a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  Evans v. State, 202 S.W.3d 158, 161
(Tex. Crim. App. 2006).  To convict appellant of possession of cocaine with
intent to distribute, the jury was required to find that appellant knowingly or
intentionally possessed a controlled substance listed in Penalty Group 1, which
includes cocaine.  See  Tex.
Health & Safety Code Ann. '' 481.102(3)(D) (Vernon Supp. 2006),
481.115(c) (Vernon 2003).  To prove unlawful possession of a controlled
substance, the State must have established that appellant: (1) exercised care,
control, custody, or management over the contraband; and (2) knew the matter
was contraband.  Id. '' 481.102, 481.115; Poindexter v. State, 153 S.W.3d
402, 405 (Tex. Crim. App. 2005).[7]  In a prosecution
for possession of a controlled substance, it is not the number of affirmative
links[8] between the
defendant and the drug that is dispositive, but rather the logical force of all
of the evidence, direct and circumstantial.  Evans, 202 S.W.3d at 162.  


In this case, the evidence shows
that: (1) appellant and the co-defendant agreed to sell two kilos of cocaine to
Wilson; (2) appellant handled the cocaine and cut a V into both bricks of
cocaine so that Wilson could verify the substance was cocaine; (3) appellant,
at one point,  drove the vehicle, a rental car, during their flight from police;
(4) appellant told the officers the cocaine had been discarded from the vehicle
when he and  his co-defendant  realized they were being followed; (5) two
bricks or cocaine[9], each with a
V shaped cut, were recovered along the route taken when appellant and
co-defendant were fleeing from police; and (6) the results of the scent lineup
confirmed appellant had been in possession of the narcotics.  Based on these
links, a rational jury could have found beyond a reasonable doubt that
appellant knowingly possessed the cocaine with the intent to distribute;
therefore, appellant=s second issue is overruled.  

In reviewing factual sufficiency, we
view the evidence in a neutral light, both for and against the finding, and set
aside the verdict only if proof of guilt is so obviously weak as to undermine
confidence in the jury=s determination, or the proof of guilt, while adequate if








taken alone, is greatly outweighed by
contrary proof.  Russeau v. State, 171 S.W.3d 871, 878 (Tex. Crim. App.
2005), cert. denied, 126 S. Ct. 2982 (2006).  Appellant argues the
evidence Atying@ him to the cocaine was deficient because the State=s case rested primarily on the
testimony of Wilson, the informant, who had a motive for giving favorable
testimony for the State[10] and without
this testimony, the only evidence is appellant=s presence at the scene, assuming the
scent lineup testimony he challenges in his first issue is excluded.  However,
in conducting a factual sufficiency review, we consider all the evidence,
whether rightly or wrongly admitted, and we do not intrude upon the jury=s role of assigning credibility and
weight to the testimony.  See Swearingen v. State, 101 S.W.3d 89, 97
(Tex. Crim. App. 2003).  Based on the legally sufficient evidence of guilt and
the lack of any contrary evidence cited by appellant, his third issue fails to
demonstrate factual insufficiency and is overruled.

Corroboration of Informant=s Testimony

Appellant=s fourth issue alleges the
corroboration of the confidential informant=s testimony was insufficient because:
(1) without Wilson=s testimony, the only corroboration is the dog lineup, which
is unreliable and suggestive; (2) without the lineup, the only corroboration
was the evidence placing appellant in the vehicle with the co-defendant,
Risher, for a short period of time. 








A defendant may not be convicted
based on the testimony of a person who is not a licensed police officer or
special investigator, but is acting covertly on behalf of law enforcement,
unless that testimony is corroborated by other evidence tending to connect the
defendant with the offense committed.  See Tex. Code. Crim. Proc. Ann. art. 38.141(a), (b) (Vernon
2005).  In applying this rule, courts have adopted the standards for
corroboration of accomplice‑witness testimony.[11] 
In conducting a sufficiency review under the accomplice‑witness rule, a
reviewing court must eliminate the accomplice testimony from consideration and
then examine the remaining portions of the record to see if there is any
evidence that tends to connect the accused with the commission of the crime.  Solomon
v. State, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). The accused=s mere presence in the company of the
accomplice before, during, and after the commission of the offense is
insufficient to corroborate the testimony unless it is coupled with other
suspicious circumstances tending to connect the accused to the offense.  Trevino
v. State, 991 S.W.2d 849, 851B52 (Tex. Crim. App. 1999).  We view
the corroborating evidence in the light most favorable to the finding of
guilt.  Knox v. State, 934 S.W.2d 678, 686B87 (Tex. Crim. App. 1996).  However,
where corroborating evidence required for a conviction is lacking, the
defendant is entitled to a verdict of acquittal.  Tex. Code Crim. Proc. Ann. art. 38.17 (Vernon 2005).








In this case, even without Wilson=s testimony, there is still: (1) the
testimony of Officers Gonzalez and Fernandez, based on their surveillance,
stating appellant was involved in the drug transaction at an agreed upon time
and location and placing him at the scene; (2) the fact that the car driven by
appellant and the co-defendant was a rental car, which are commonly used in
drug transactions; (3) the two bricks of cocaine found on the route recently
traveled by appellant during the car chase, which appellant admitted had been
thrown out; and (4) the drug scent identification of appellant at the lineup
(the reliability of which his first issue failed to refute).[12] 
Therefore, appellant=s fourth issue fails to demonstrate that the informant=s testimony was insufficiently
corroborated and is overruled.  Accordingly, the judgment of the trial court is
affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed December 19, 2006.

Panel consists of Justices Fowler,
Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty and assessed
punishment at 25 years confinement.  





[2]           Appellant argues he was harmed by the
erroneous admission of the expert testimony because the dog scent lineup was
the only direct evidence that appellant handled the cocaine, other than the
testimony of the informant. 





[3]           Appellant does not contest the validity of
the Nenno test for determining the admissibility of dog scent lineup
evidence.  





[4]           In Winston, the court held  Officer
Pikett was a qualified dog trainer and expert. 78 S.W.3d at 527B29. 





[5]           Appellant does not contest that: (1) Lucy,
a bloodhound, is of a breed that is legendary for its ability to discriminate
human scents; (2) Lucy had adequate training; or (3) the scent lineup was given
within an efficient time. 





[6]           An example of a double-blind procedure is
where the administering officer does not know which scent pad contains the
suspect=s scent when conducting the scent lineup.  Winston,
78 S.W.3d at 528.  





[7]           If control is jointly exercised, the State
must show additional affirmative links between the appellant and the contraband
that raise a reasonable inference of the accused=s knowledge and control of the contraband.  Poindexter, 153
S.W.3d at 406.





[8]           A non-exclusive list of possible
affirmative links includes: (1) the defendant's presence when a search is
conducted; (2) whether the contraband was in plain view; (3) the defendant's
proximity to and the accessibility of the narcotic; (4) whether the defendant
was under the influence of narcotics when arrested; (5) whether the defendant
possessed other contraband or narcotics when arrested; (6) whether the defendant
made incriminating statements when arrested; (7) whether the defendant
attempted to flee; (8) whether the defendant made furtive gestures; (9) whether
there was an odor of contraband; (10) whether other contraband or drug
paraphernalia were present; (11) whether the defendant owned or had the right
to possess the place where the drugs were found; (12) whether the place where
the drugs were found was enclosed; (13) whether the defendant was found with a
large amount of cash; and (14) whether the conduct of the defendant indicated a
consciousness of guilt.  Evans, 202 S.W.3d at 162 n.12 (citing Olivarez
v. State, 171 S.W.3d 283, 291 (Tex. App.CHouston
[14th Dist.] 2005, no pet.)





[9]           The two bricks of cocaine had a minimum
street value of $200,000 to $300,000.  See State v. Scott, No.
14-00-00809-CR, 2001 WL 1168327, at *4 (Tex. App.CHouston [14th Dist.] Oct. 4, 2001, pet. ref=d) (not designated for publication) (deciding logical
force of evidence that high-dollar amount of narcotics were discarded from
vehicle established defendant knowingly possessed the cocaine).  





[10]         Cano v. State, 3 S.W.3d 99, 107B08 (Tex. App.CCorpus
Christi 1999, pet. ref=d) (rejecting factual sufficiency challenge where
defendant was convicted despite evidence that credibility of the informant was
undermined).  





[11]         See, e.g., Young v. State, 95
S.W.3d 448, 451 (Tex. App.CHouston [1st
Dist.] 2002, pet. ref'd); Cantelon v. State, 85 S.W.3d 457, 460 (Tex.
App.CAustin 2002, no pet.).





[12]         See Torres v. State, 137 S.W.3d 191,
196B97 (Tex. App.CHouston
[1st Dist.] 2004, no pet.) (holding evidence corroborating informant=s testimony included officer=s surveillance of meeting involving parties to drug
transaction, discovery of cocaine in a location close to defendant, and a
canine drug alert on defendant=s vehicle).