Opinion issued March 22, 2007












In The

Court of Appeals

For The

First District of Texas

______________


NO. 01-06-00294-CR

______________


TANORRIS O'NEIL RANDALL, Appellant


V.


THE STATE OF TEXAS, Appellee





On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 48392






O P I N I O N

 A jury convicted appellant, Tannoris O'Neil Randall, of possession of between
one and four grams of cocaine with intent to deliver. See Tex. Health & Safety
Code Ann. § 481.112(a), (c) (Vernon 2003). Having found true the enhancement
allegation of appellant's prior conviction for burglary of a habitation, the trial court
assessed appellant's punishment at 15 years in prison. We determine whether the
testimony of the confidential informant ("CI") was corroborated by other evidence
tending to connect appellant with the offense committed. We affirm.

Background

 On August 4, 2004, a frequently used CI contacted Officer Derrick White with
the Angleton Police Department. The CI informed Officer White that she could set
up a cocaine transaction with appellant, a drug dealer known to both Officer White
and the CI. Officer White agreed to conduct the investigation and to give the CI
$50.00 at the completion of the transaction.

 Before meeting with appellant, Officer White met with the CI, at which point
Officer White had the CI empty all of her pockets to verify that she did not have
contraband. Officer White then gave the CI an audiotape recorder to wear during the
transaction and $140.00 in marked bills to buy the cocaine. Officer White also set up
a video camera across the street from the meeting place, a tire shop, where the CI was
having her front passenger side tire repaired. The videotape shows the CI's vehicle
with its front passenger side tire removed and, nearby, a green sports utility vehicle
("SUV") that Officer White identified as the vehicle in which appellant arrived and
departed. The videotape also shows appellant engaging in conversation through an
open window, while standing on the passenger side of the CI's car, with the CI, who
was sitting in the driver's seat.

 According to the CI, the drug transaction took place when appellant gave her
the cocaine while he was leaning into the passenger side of her car and that he charged
her $120.00. Officer White, however, was not in a position to observe, either visually
or by evaluating the videotape, if any hand-to-hand delivery occurred. The audiotape primarily contains two voices: the CI identified the first voice
as her own and the second as appellant's. On the audiotape, there are communications
of the second person mentioning $140.00 and then telling the CI to give him $120.00. 
The same voice also makes reference to being able to "get a lot off of that" and having
"some stuff that she had never seen in her life."

 The green SUV was stopped by officers of the Angleton Police Department 15
to 20 minutes after it left the tire shop. Appellant, the passenger, was arrested along
with the driver, who was also charged with the same offense and who had on his
person the $120.00 in the marked bills used in the transaction. Thereafter, the CI gave
Officer White three grams of cocaine, the remaining marked $20.00 bill, and the audio
recording device. She then signed a statement regarding the events that had occurred
and received $50.00 for her assistance.


Sufficiency of the CI's Corroborating Evidence

 In his first point of error, appellant argues that the evidence in and of itself was
not sufficient to tend to connect him to the charged offense and, thus, that the CI's
testimony was not sufficiently corroborated for it to be considered in his conviction. 
Appellant also raises a second point of error, contending that, without the
corroboration of the CI's testimony, the evidence is legally insufficient. Appellant
does not pursue this second contention with separate argument and authorities, and,
in any event, because success pursuing his first point of error would obtain an
appellate acquittal, appellant's second point would add nothing to the argument that
appellant does pursue.

A. The Law

 Article 38.141 of the Texas Code of Criminal Procedure provides:

 (a) A defendant may not be convicted of an offense under
Chapter 481, Health and Safety Code, on the testimony of a
person who is not a licensed peace officer or a special
investigator but who is acting covertly on behalf of a law
enforcement agency or under color of law enforcement unless
the testimony is corroborated by other evidence tending to
connect the defendant with the offense committed.


 (b) Corroboration is not sufficient for the purposes of this
article if the corroboration only shows the commission of the
offense. 


Tex. Code Crim. Proc. Ann art. 38.141(a), (b) (Vernon 2005).

 The State had the burden of presenting corroborating evidence at trial that
tended to connect appellant to the offense. If it concludes that this burden was not
met, the appellate court must reverse the judgment of the trial court and render a
judgment of acquittal. See id. art. 38.17 (Vernon 2005); see Young v. State, 95
S.W.3d 448, 451 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd). The "tends to
connect" standard is not a high threshold. See Cantelon v. State, 85 S.W.3d 457, 461
(Tex. App.--Austin 2002, no pet.). In determining whether there is "other evidence"
tending to connect an accused with the offense in an analysis under article 38.141, a
court must eliminate all CI evidence and determine whether the other "inculpatory
facts and circumstances in evidence tend to connect appellant to the offense." See
Torres v. State, 137 S.W.3d 191, 196 (Tex. App.--Houston. [1st Dist.] 2004, no pet.)
(following the same approach for corroboration of CI's testimony as was used for
corroborating accomplice-witness testimony in McDuff v. State, 939 S.W.2d 607, 612
(Tex. Crim. App. 1997)).

 Non-CI evidence does not, by itself, directly have to establish the defendant's
guilt beyond a reasonable doubt, but it does have to connect the defendant with the
offense. See id. (citing McDuff, 939 S.W.2d at 612). The CI's testimony substantially
established the elements of possession of a controlled substance with the intent to
deliver cocaine. Therefore, if there is evidence tending to connect appellant to the
offense, thereby corroborating the CI's testimony as required by article 38.141, the
evidence is sufficient to convict appellant.

B Analysis

 To determine whether the corroborative evidence tends to connect appellant to
the offense, all of the CI's evidence, particularly her in-court testimony, must be
eliminated. See Young, 95 S.W.3d at 451.

 Appellant relies heavily on Young to support his assertion that the corroborating
evidence in this case is insufficient. Each case, however, must be judged on its own
facts. See Gill v. State, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994) (indicating same
in context of accomplice-witness evidence). Appellant is correct that, like the CI in
Young, the CI here wore an audiotape-recording device and was the only witness who
identified appellant's voice at trial. In Young, the court held that, because the CI was
the only individual who identified the defendant's voice, the audiotape, regardless of
what it depicted in the way of a drug transaction, failed to tend to connect the
defendant to the offense. See Young, 95 S.W.3d at 452. This case, however, presents
circumstantial evidence that establishes the identity of appellant's voice on the
audiotape. 

 On the audiotape, one who sounds like a male makes various statements
consistent with a drug transaction's taking place: (1) he mentions $140.00; (2) he
states that he has "some stuff" that the CI has "never seen in her life"; (3) he says that
she could make a "good chunk of change" off of "that stuff"; and (4) he says that she
should just give him $120.00. In close proximity on the audiotape, the same voice
inquired about which tire on the CI's car needed repairing. The voice asked, "Which
tire needed to be fixed?" and "Is it the tire right here?"

 The videotape shows an individual, identified by Officer White as appellant,
talking with the CI while appellant leaned into the passenger side of her vehicle. The
videotape then shows appellant pointing at the front passenger tire hub from which the
tire had been removed. The male voice on the audiotape, discussing the CI's tire,
corresponds to appellant's actions on the videotape pointing to the front passenger tire
hub. Based on the correlation appellant's statements on the audiotape and his actions
on the videotape regarding the missing tire, the only reasonable inference is that the
second voice on the audiotape was appellant's. Therefore, because the voice
discussing the drug transaction was circumstantially shown to be appellant's, the
audiotape provides evidence tending to connect appellant to the offense committed.

 In addition, other non-CI evidence presented at trial tended to connect
appellant to the offense charged: (1) Officer White provided the CI with $140.00 in
marked bills, and 15 to 20 minutes after appellant and the CI met at the tire shop,
$120.00 of the $140.00 in marked bills was found on the driver of the car occupied
by appellant; (2) $120 is the amount for which appellant settles on the videotape; and
(3) the CI gave Officer White a bag of cocaine and the remaining $20.00 bill from the
$140.00 in marked bills, after Officer White had observed the CI meeting with
appellant. Based on all of the evidence tending to connect appellant to the offense
charged, we hold that the non-CI evidence tended to connect appellant to the offense
and was, thus, sufficient to corroborate the CI's testimony that established appellant's
commission of the charged offense.

 We overrule appellant's points of error one and two. 

Conclusion

 We affirm the judgment of the trial court.



 Tim Taft

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.


Publish. See Tex. R. App. P. 47.2(b).