NUMBER 13-04-482-CR

 
13-04-483-CR

 
13-04-484-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

FREDERICK PATTERSON,                                                            Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

          

On appeal from the 24th District
Court of Jackson County, Texas.

                                        

                                        O
P I N I ON 

 

           Before
Chief Justice Valdez and Justices Castillo and Garza

                                         Opinion
by Justice Garza

 








This appeal follows three convictions stemming from
three controlled purchases of crack cocaine by Santos Castro Castañeda, a
compensated informant working for the Edna Police Department and the Jackson
County Sheriff=s Department. 
Castañeda made the purchases through Acie Jones, Jesse Darnell Chase,
and Lisa Robinson.  The crack cocaine
sold to Castañeda was allegedly supplied to Jones, Chase, and Robinson by
appellant, Frederick W. Patterson. 
Appellant was indicted and convicted on three counts of delivery of a
controlled substance and was sentenced to ten years= imprisonment for each offense, with the sentences
to run concurrently.  Tex. Health & Safety Code Ann. ' 481.002 (8), (9) (Vernon Supp. 2004-05).[1]  Appellant was also assessed court costs in
the amount of $140 and a fine of $2,000 for each offense.  Appellant now challenges his conviction by
two issues:  (1) there is insufficient
evidence to corroborate testimony given at trial by Castañeda, a paid informant,
or testimony given by Jones, Chase, and Robinson, who are accomplice witnesses
as a matter of law; and (2) counsel provided appellant with ineffective
assistance at trial.  For the reasons
that follow, we affirm the judgment of the trial court.

Background 

The three controlled transactions leading to
appellant=s convictions occurred over the course of two
months.  At trial, two officers from the
Jackson County Sheriff=s Department testified about how the transactions
unfolded.  Prior to each transaction, the
officers met with Castañeda and searched her person, belongings, and vehicle
for illegal drugs.  None were found.  An electronic audio transmitting and
recording device (i.e., a wire) was then placed in her purse, and she was given
money to purchase illegal drugs.  The two
officers then followed Castañeda at a generous distance, remaining in the same
general area but often allowing her to move beyond their sight.  








Castañeda approached numerous drug users and dealers
and asked where she could purchase crack cocaine.  Three of the individuals she approached
(Jones, Chase, and Robinson) indicated that she could purchase crack cocaine
from appellant.  Each individual
accompanied her to an area near appellant=s house, where he or she took Castañeda=s money and then went into appellant=s house.  Castañeda
was left waiting in her car during all three transactions.  Each individual subsequently returned to the
car with crack cocaine, which they each indicated had come from appellant.  After each transaction, Castañeda
rendezvoused with the officers and delivered into their possession the crack
cocaine she had purchased.     

Throughout the investigation, the officers monitored
the audio transmissions generated by the wire carried by Castañeda and were
thereby able to listen to conversations she had with the people she came into
contact with.  The conversations were
primarily with Jones, Chase, and Robinson, though Castañeda did have two
conversations with appellant, which are detailed below.  The officers recorded the transmissions
generated by the wire, and the recordings were played for the jury at
trial.  A transcript of the recordings
was also admitted into evidence, along with the crack cocaine recovered by the
officers after each transaction.  








The most substantial evidence linking appellant to
the transactions was the testimony from Castañeda, Jones, Chase, and
Robinson.  Castañeda testified that she
saw appellant at or near his house before or after each of the transactions,
though she never saw the transactions, never saw appellant in possession of any
crack cocaine, and never saw any exchange of money between appellant and Jones,
Chase, or Robinson.  Castañeda had a
conversation with appellant before the first transaction, which was captured by
the wire and is documented below.  
During that conversation, appellant did not directly respond to
Castañeda=s request for crack cocaine.  In a second conversation that occurred before
the third transaction, Castañeda commented that appellant had been drinking too
much.  Appellant apparently did not
respond to Castañeda=s comment.      


At trial, Jones, Chase, and Robinson testified that
they purchased the crack cocaine from appellant and gave it to Castañeda.  The two officers testified that they never
actually saw appellant during the transactions and never actually saw Castañeda
come into contact with Jones, Chase, or Robinson.  They also did not see Jones, Chase, or
Robinson come into contact with appellant. 
One of the officers testified that he recognized appellant=s voice during the following exchange documented on
a recording generated during the first transaction:

Castañeda:                                                  What=s up [appellant=s name]?   

 

Voice Identified as Appellant=s:             (Inaudible)

 

Castañeda:                                                  Can
you fix me up a tight fifty? 

 

Voice Identified as Appellant=s:             You
see that white boy on the corner?  On
that  bicycle. (Inaudible)

 

The exchange then ended abruptly, with appellant
driving off in his car apparently to avoid the Awhite
boy on the corner.@

In addition to the foregoing exchange, the
recordings also contained numerous comments by Jones, Chase, and Robinson
indicating that they could obtain crack cocaine from appellant and that the
crack cocaine they ultimately sold to Castañeda had come from appellant.  This constituted the entirety of the evidence
incriminating appellant in the transactions. 








I. 
Corroboration of Testimony by Informant and Accomplices

Appellant=s first issue is comprised of two sub-issues, one
challenging the sufficiency of the evidence to corroborate the testimony of the
informant (Castañeda) and another challenging the sufficiency of the evidence
to corroborate the testimony given by the three accomplice witnesses (Jones,
Chase, and Robinson).  At the outset,
this Court must decide a preliminary question of law: may an informant
corroborate the testimony of an accomplice and vice versa?  To the best of this Court=s knowledge, no Texas court has addressed this
question.  We answer the question in the
affirmative.    

A. 
Corroboration Statutes 

The legislature has mandated that a defendant may
not be convicted based on the testimony of an informant except as follows:

(a) A defendant may not be convicted of an offense
under Chapter 481, Health and Safety Code, on the testimony of a person who is
not a licensed peace officer or a special investigator but who is acting
covertly on behalf of a law enforcement agency or under the color of law
enforcement unless the testimony is corroborated by other evidence tending to
connect the defendant with the offense committed.

 

(b) Corroboration is not sufficient for the purposes
of this article if the corroboration only shows the commission of the offense.

 

Tex. Code Crim. Proc. Ann. art. 38.141 (Vernon 2005).  

A similar provision restricts the use of testimony
by accomplice witnesses:  AA conviction cannot be had upon the testimony of an
accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed; and the corroboration is not sufficient
if it merely shows the commission of the offense.@  See Tex.
Code Crim. Proc. Ann. art. 38.14 (Vernon 2005).  








Article 38.17 further provides, AIn all cases where, by law, two witnesses, or one
with corroborating circumstances, are required to authorize a conviction, if
the requirement be not fulfilled, the court shall instruct the jury to render a
verdict of acquittal, and they are bound by the instruction.@  See Tex. Code Crim. Proc. Ann. art. 38.17
(Vernon 2005).  

B.  Issue
Preservation 

The State contends that this Court should not address
the merits of appellant=s first issue because it was not preserved by a
timely objection at trial.  For the
reasons that follow, we conclude that no timely objection at trial is required
to preserve for appellate review complaints regarding the sufficiency of
corroboration evidence.    

In general, to preserve a complaint for appellate
review, a party must present a timely request, objection, or motion to the
trial court stating the specific grounds for the desired ruling if the specific
grounds are not apparent from the context. 
Tex. R. App. P. 33.1; see
Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000).  A party=s failure to timely and specifically object at trial
usually amounts to a procedural default that prevents review of the error on
appeal.  See Blue, 41 S.W.3d at
131.  This is a general rule to which
there are exceptions, as shown below.   

Before addressing the question of issue
preservation, we note that appellant is not challenging the trial court=s failure to submit an accomplice-witness jury
instruction, which would be a jury-charge error and could be raised for the
first time on appeal.  See Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  Instead, appellant argues that the informant
and accomplice testimony was insufficiently corroborated.  








Although the State maintains that appellant was
required to preserve this issue at trial, no authority is cited for this
proposition other than the general mandate of rule 33.1.  See Tex.
R. App. P. 33.1.  We are unaware
of any case precedent requiring that an objection be made to preserve a
challenge to the sufficiency of corroboration evidence on appeal.  Likewise, we are unaware of any case
precedent holding that the issue can be raised for the first time on
appeal.   

Criminal defendants may bring challenges to the
legal and factual sufficiency of the evidence on appeal without raising the issue
at trial.  See Moff v. State, 131
S.W.3d 485, 488B89 (Tex. Crim. App. 2004).  But a challenge to the sufficiency of
corroboration evidence is different than an ordinary legal or factual
sufficiency challenge.  See Cathey v.
State, 992 S.W.2d 460, 462B63 (Tex. Crim. App. 1999).  The informant-witness rule and the
accomplice-witness rule are statutorily imposed and are not derived from
federal or state constitutional principles that define the legal and factual
sufficiency standards.  Id.  Thus, we cannot conclude, as appellant urges,
that no objection is required to preserve the sufficiency of corroboration
evidence simply because no objection at trial is required to bring ordinary
challenges to the legal and factual sufficiency of the evidence. 








Instead, we must turn to the law on procedural
defaults to determine whether the issue can be raised for the first time on
appeal.  The court of criminal appeals
has explained that the criminal justice system in Texas contains three distinct
kinds of rules:  (1) absolute
requirements and prohibitions, (2) rights of litigants which must be
implemented by the system unless expressly waived, and (3) rights of litigants
which are to be implemented upon request and are otherwise forfeited.  Marin v. State, 851 S.W.2d 275, 279
(Tex Crim. App. 1993), overruled in part by Cain v. State, 947
S.W.2d 262, 264 (Tex. Crim. App. 1997); see also Garcia v. State, 149
S.W.3d 135, 144 (Tex. Crim. App. 2004). 
Rights which are waivable only, as well as absolute systemic
requirements and prohibitions, cannot be made subject to rules of procedural
default because, by definition, they are not forfeitable.  Marin, 851 S.W.2d at 279; Garcia,
149 S.W.3d at 144.  Therefore, to
determine whether the sufficiency of corroboration evidence can be raised for
the first time on appeal, we must decide whether the issue is subject to rules
of procedural default by determining which category of rules it implicates.  

As noted above, the provisions regarding
corroboration of testimony by informants and accomplice witnesses are found in
the code of criminal procedure.  See Tex. Code Crim. Proc. Ann. arts.
38.141, 38.14.  The informant-witness
provision states that a Adefendant may not be convicted . . . unless the
[informant=s] testimony is corroborated by other evidence
tending to connect the defendant with the offense committed.@  Tex. Code Crim. Proc. Ann. art.
38.141.  The accomplice-witness provision
contains a similar rule: AA conviction cannot be had upon the testimony of an
accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed . . . .@  Tex.
Code Crim. Proc. Ann. art. 38.14. 
If such requirements are not fulfilled, Athe
court shall instruct the jury to render a verdict of acquittal, and they are
bound by the instruction.@  See Tex. Code Crim. Proc. Ann. art.
38.17.  








From the foregoing provisions, it appears that the
sufficiency of corroboration evidence is an absolute requirement and therefore
falls in the first category.  We are
mindful that it could also fall in the second category because the provisions
impose a duty on the trial court to render a judgment of acquittal sua sponte
if the evidence is insufficient.   See id.; Mendez v. State, 138
S.W.3d 334, 342 (Tex. Crim. App. 2004). 
The provisions do not use language such as Aon motion of the defendant@ or Aon the defendant=s
request.@  There is no
indication in the code of criminal procedure that sufficient corroboration evidence
is required only if demanded by the defendant, and we are unaware of any case
law requiring the defendant to speak up to enforce the corroboration
requirements.  We therefore disagree with
the State=s contention that the sufficiency of corroboration
evidence cannot be raised for the first time on appeal.  

Because appellant did not expressly waive the
sufficiency of corroboration evidence at trial, this Court does not need to
decide whether the issue falls in the first or second category.  For the purposes of this appeal, we need only
hold that the issue does not fall in the third category and is therefore not
subject to procedural default.  See Tex. R. App. P. 47.1.                                   

C. 
Accomplices as a Matter of Law

Before addressing the essential question raised by
appellant=s first issue, we must resolve an additional point,
which, according to the State, would defeat appellant=s first issue regardless of whether there was
sufficient corroboration evidence.  The
State contends that Jones, Chase, and Robinson were not accomplices as a matter
of law because, at the time of their testimony against appellant, they had
already been indicted, tried, and convicted for delivery of a controlled
substance.  We disagree.








An accomplice is a person who participates with a
defendant before, during, or after the commission of a crime and acts with the
required culpable mental state.  Kutzner
v. State, 994 S.W.2d 180, 187 (Tex. Crim. App. 1999) (citing McFarland
v. State, 928 S.W.2d 482, 514 (Tex. Crim. App.1996)).  The person=s
participation must involve an affirmative act that promoted the commission of the
offense with which the accused is charged.  Id.  A person is an accomplice as a matter of law
if he or she would be susceptible to prosecution for the offense with which the
accused is charged or a lesser included offense.  Id.; Blake v. State, 971 S.W.2d
451, 455 (Tex. Crim. App. 1998).  A co‑indictee
is an accomplice as a matter of law.  Hendricks
v. State, 508 S.W.2d 633, 634 (Tex. Crim. App. 1974).        

Although the court of criminal appeals has used the
expression Asusceptible to prosecution@ to describe an accomplice, the court has clarified
that what it means by that expression is that Aa
person is an accomplice if there is sufficient evidence connecting them to the
criminal offense as a blameworthy participant.@  Blake, 971 S.W.2d at 454B55.  According
to the court, AWhether the person is actually charged and
prosecuted for their participation is irrelevant to the determination of
accomplice statusCwhat matters is the evidence in the record.@  Id.
at 455.  Accordingly, we conclude that
there is no merit to the State=s contention that a person ceases to be an
accomplice upon conviction for the offense in which he or she was an
accomplice.  Given the ample evidence
adduced at trial to show that Jones, Chase, and Robinson committed delivery of
a controlled substance, the same offense with which appellant was charged, we
conclude that they were accomplices as a matter of law and proceed to address
appellant=s first issue on the merits.

D.  AOther Evidence@
under Corroboration Statutes 








Appellant contends that his conviction cannot be
upheld because the testimony by the informant is corroborated only by testimony
from accomplices and the testimony from the accomplices is corroborated only by
the testimony of the informant. 
Appellant thus presents the essential question:  what constitutes Aother evidence@ under the corroboration statutes?  See Tex.
Code Crim. Proc. Ann. arts. 38.141, 38.14.  The State contends that accomplice testimony
amounts to Aother evidence@ under the informant-testimony provision and that
informant testimony amounts to Aother evidence@ under the accomplice-witness provision.  Thus, according to the State, an accomplice
may corroborate the testimony of an informant and an informant may corroborate
the testimony of an accomplice.  We
agree.   The
informant and accomplice corroboration provisions are located in different
sections of the code of criminal procedure. 
Neither provision defines Aother evidence,@ but each necessarily implies that more of the same
evidence would not be Aother evidence@ under either provision.  That is, one accomplice cannot corroborate
another accomplice=s testimony, and one informant cannot corroborate
another informant=s testimony.  See
Chapman v. State, 470 S.W.2d 656, 660 (Tex. Crim. App. 1971).       








Although a conviction may not be had based upon
un-corroborated testimony of an informant or an accomplice, the code of
criminal procedure places no restrictions on the use of informant testimony to
corroborate accomplice testimony or vice versa. 
See Tex. Code Crim. Proc.
Ann. arts. 38.141, 38.14.  The
code simply precludes a conviction based on pure informant or accomplice
testimony.  It says nothing about a
conviction based upon both informant and accomplice testimony.  We are aware of the absence of guiding case
precedent in this area of the law, but we are confident that the legislature
would have combined the informant and accomplice corroboration provisions if it
had intended to prohibit an informant from corroborating the testimony of an
accomplice and vice versa.[2]  We therefore proceed to decide whether
testimony in this case is sufficiently corroborated. 

E. 
Corroboration of Informant=s Testimony 

To corroborate an informant=s testimony, there must be some non‑informant
evidence that tends to connect the accused to the commission of the
offense.  See Young v. State, 95
S.W.3d 448, 451 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).  In
determining whether there is Aother evidence@ tending to connect an accused to the offense, a
court must eliminate all informant testimony and determine whether the other
inculpatory facts and circumstances in evidence tend to connect appellant to
the offense.  See id.  Non‑informant evidence does not, by
itself, have to establish the guilt of the defendant beyond a reasonable doubt,
but it must tend to connect the defendant with the offense.  See McDuff v. State, 939 S.W.2d 607,
613 (Tex. Crim. App. 1997).  The Atends‑to‑connect@ standard does not present a high threshold.  See Cantelon v. State, 85 S.W.3d 457,
461 (Tex. App.CAustin 2002, no pet.).  The link that Atends
to connect@ the defendant to the offense need not be a direct
link.  McDuff, 939 S.W.2d at 613; Burks
v. State, 876 S.W.2d 877, 888 (Tex. Crim. App. 1994).  Even insignificant circumstances may create a
sufficient link.  See Reed v. State,
744 S.W.2d 112, 126 (Tex. Crim. App. 1988). 
If sufficient corroborating evidence is lacking, the defendant will be
entitled to a verdict of acquittal.  See Tex.
Code Crim. Proc. Ann. art. 38.17 (Vernon 2005).








We have reviewed the evidence and conclude that the
testimony of Jones, Chase, and Robinson sufficiently links appellant to the
offenses for which he was convicted and therefore corroborates the testimony of
Castañeda.  Each of the witnesses
testified that they took money from Castañeda and purchased crack cocaine from
appellant.  They testified that they then
delivered the crack cocaine to Castañeda, who delivered it to law enforcement
agents.  This evidence tends to connect
appellant to the offenses.    

F. 
Corroboration of Accomplices= Testimony


Next, we consider whether the testimony of Jones,
Chase, and Robinson was sufficiently corroborated.   To do so, we must eliminate from
consideration all accomplice testimony and then examine the other inculpatory
evidence to ascertain whether the remaining evidence tends to connect appellant
with the offenses.  McDuff, 939
S.W.2d at 612.  








We have reviewed the record and conclude that the
testimony of Castañeda, along with the transcript of the recordings generated
by the wire she carried and the testimony of the two law enforcement agents,
are sufficient to connect appellant to the offenses.  Castañeda observed appellant at the scene of
each drug transaction.  She spoke to
appellant before two of the transactions and understood that he was selling her
crack cocaine through Jones, Chase, and Robinson.  Castañeda also observed appellant acting
suspiciously.  Before the first
transaction, Castañeda asked appellant to sell her $50 worth of crack cocaine,
but appellant responded that there was a Awhite boy on the corner@ and left the scene, only to return a few minutes
later.  After the third transaction,
appellant poked his head outside his front door and watched Robinson deliver
crack cocaine to Castañeda.    Although these circumstances may appear
insignificant to some, the court of criminal appeals has expressly stated that
insignificant circumstances may create a sufficient link to corroborate
accomplice testimony.  See Reed v.
State, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988).  We note that these circumstances are not
offered to prove appellant=s guilt.  See
Cathey v. State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999).  Rather, they Atend
to connect@ appellant to the underlying offenses and are
therefore a sufficient basis to allow accomplice testimony against
appellant.  See id. 

For these reasons, we overrule appellant=s first issue.    


II. 
Ineffective Assistance of Counsel 








In his second issue, appellant contends that his
trial counsel was ineffective for failing to request a jury instruction on informant
and accomplice witness corroboration. 
The standard for testing claims of ineffective assistance of counsel is
set out in Strickland v. Washington, 466 U.S. 668, 687B88 (1984).  To
prevail on a claim of ineffective assistance of counsel, an appellant must, by
a preponderance of the evidence, prove (1) trial counsel=s performance fell below an objective standard of
reasonableness, and (2) counsel=s deficient representation prejudiced appellant=s defense.  Id. at 688; Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002); Rosales v. State, 4 S.W.3d 228,
231 (Tex. Crim. App. 1999).  To carry
this burden, an appellant must show that the attorney=s representation fell below the standard of
prevailing professional norms and that there is a reasonable probability that,
but for the attorney=s deficiency, the result of the trial would have
been different.  Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000). 
In other words, the appellant must prove counsel=s representation so undermined the proper
functioning of the adversarial process that the trial cannot be relied on as
having produced a just result.  Strickland,
466 U.S. at 686.  If, however, Athere is at least the possibility that the conduct
could have been legitimate trial strategy,@ then we must Adefer to counsel=s
decisions and deny relief on an ineffective assistance claim on direct appeal.@  Murphy v.
State, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003).

Our review of counsel=s
representation is highly deferential, and we indulge a strong presumption that
counsel=s conduct fell within the wide range of reasonable
representation.  See Strickland,
466 U.S. at 689; Tong, 25 S.W.3d at 712. 
An appellate court should not use hindsight to second‑guess the
strategy of counsel at trial, nor will the fact that another attorney might
have pursued a different course support a finding of ineffectiveness.  Blott v. State, 588 S.W.2d 588, 592
(Tex. Crim. App. 1979); Harner v. State, 997 S.W.2d 695, 704 (Tex. App.BTexarkana 1999, no pet.).  Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Although counsel=s
failure to object to the jury charge in this case was a Aglaring error,@ see Robinson v. State, 665 S.W.2d 826, 831
(Tex. App.CAustin 1984, pet. ref=d)
(stating that counsel=s failure to request a charge pursuant to article
38.14 when it was clear that witness was accomplice witness as a matter of law
was a glaring error, but finding that representation was not ineffective
because there was ample corroboration by other evidence), we cannot conclude
that counsel=s deficient representation prejudiced appellant=s defense.  As
discussed above, the evidence adduced by the State was sufficient to
corroborate the testimony of the informant and the accomplices.  We therefore cannot conclude that, but for
the counsel=s deficiency, the result of the trial would have
been different.  See Tong, 25
S.W.3d at 712.








Accordingly, appellant=s
second issue is overruled and the judgment of the trial court is affirmed.           

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Opinion delivered and filed 

this the 6th day of October, 2005.











[1] Appellant was indicted in three
separate criminal actions, cause numbers 04-05-7032, 04-06-7033, and
04-06-7034.  The three cases were tried
together in the trial court and have been consolidated on appeal.  





[2] Article 38.141 became effective in
September 2001.  In 2002, without any
guiding precedent, the court in Young v. State interpreted the meaning
of article 38.141 by looking to case law interpreting the similarly‑worded
article 38.14.  95 S.W.3d 448, 451 (Tex.
App.BHouston [1st Dist.] 2002, pet. ref=d). 
The court noted that AIn interpreting the meaning of article 38.141, we must
assume that the legislature was aware of case law interpreting the similar
language used in article 38.14.@  Id.  At the time of enacting 38.141 case law
interpreting 38.14 prohibited accomplices from corroborating each other.  Clearly, if the legislature had intended to
prohibit an informant from corroborating an accomplice or vice versa, it could
have done so.